UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | 3:02CR257 (CFD) |
| CURTIS MAYO | : | OCTOBER 4, 2005 |

**MOTION FOR POST-*CROSBY* PROCEEDINGS ON REMAND**

The defendant respectfully submits this memorandum in aid of proceedings to be held on remand from the United States Court of Appeals for the Second Circuit.

## I. Procedural History

On February 10, 2003, the defendant entered a plea of guilty to Count One of an indictment charging him with Conspiracy to Possess and Distribute One Hundred Grams or More of Phencyclidine. On October 23, 2003, the District Court (Droney, J.) sentenced the defendant to a total effective sentence of 168 months imprisonment to run concurrently with the sentence he received on Docket No. 3:02CR256. On October 20, 2003, the defendant filed a timely notice of appeal. On or about March 15, 2004, the defendant's counsel filed a motion to withdraw his appearance and an accompanying Anders brief. On October 5, 2004, the Court of Appeals granted summary affirmance but stayed the mandate pending the Supreme Court's decision in Booker/Fanfan.

1

On September 22, 2005, the United States Court of Appeals ordered a remand in this case in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and the Court of Appeals' decision in United States v. Crosby, No. 03-1675 (2d Cir. Feb. 2, 2005).

II. **Limited Remands in Light of *Booker* and *Crosby***

In United States v. Booker, 125 S. Ct. 738, 2005 WL 50108 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. §3553(b)(1), thus, declaring the Guidelines "effectively advisory". Booker, WL 2005 50108, at *16. This ruling results in a system in which the sentencing court, while required to consider the Guidelines, may impose a sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to appellate review for "reasonableness". Id at *24.

The Court of Appeals for the Second Circuit has summarized the impact of Booker as follows:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in

2

> section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (I) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

United States v. Crosby, No. 03-1675, slip op. at 24-25 (2d Cir. Feb. 2, 2005) (emphasis added). When imposing sentence, a district court must be mindful that "Booker/Fanfan and section 3553(a) do more than render the Guidelines a body of casual advice, or be consulted or overlooked at the whim of a sentencing judge". Id at 25. Both the Supreme Court and the Court of Appeals expect "sentencing judges faithfully to discharge their statutory obligation to 'consider' the Guidelines and all of the other factors listed in section 3553(a), ...and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice". Id.

In Crosby, the Court of Appeals determined that it would remand most pending appeals involving challenges to sentences prior to Booker "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine whether to resentence, now fully informed of the new

3

sentencing regime, and if so, to resentence". Crosby slip op. at 34. In this respect, the Court of Appeals explained that a remand would be necessary to learn "whether a sentencing judge would have imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the judge had discharged his or her obligations under the post-Booker/Fanfan regime and counsel had availed themselves of their new opportunities to present relevant considerations". Id., slip op. at 34-35. "In making that threshold determination, the District Court should obtain the views of counsel, at least in writing, but 'need not' require the presence of the defendant..." Id., slip op. at 37. "Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the defendant present, resentence in conformity with the [Sentencing Reform Act], Booker/Fanfan, and this opinion, including an appropriate explanation, *see* §3553(c)." Id.

In light of Crosby, then, the defendant respectfully requests that the Court proceed as follows:

(1) Invite written submissions from the parties regarding the initial question of whether or not the court should have imposed a nontrivially different sentence if it had understood sentencing law as subsequently explained by the Supreme Court in

4

Booker, and allow the defendant in such filing to opt out of resentencing; and if the defendant elects to proceed, then:

(2) Determine whether the Court would have imposed a nontrivially different sentence, in light of the advisory guidelines range and the other factors set forth in 18 U.S.C. §3553(a); if not, the Court should place on the record an "appropriate explanation" for such decision; and

(3) If the Court determines that resentencing is necessary, it should vacate the sentence and resentence in conformity with the dictates of Fed. R. Crim. P. 32 (including requiring the defendant's presence in conformity with Fed. R. Crim. P. 43) and in light of the principles set forth in the Sentencing Reform Act, as well as Booker and Crosby.

 Respectfully submitted,

By:_____
 Richard S. Cramer
 Federal Bar No. ct00016
 449 Silas Deane Highway
 Wethersfield, CT 06109
 Tel. (860) 257-3500
 Email: cramer @ snet.net

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed by first class mail this 4th day of October 2005 to:

Raymond F. Miller
Assistant U. S. Attorney
P.O. Box 1824
New Haven, CT 06508

_____
Richard S. Cramer

6