UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :     Case No. 3:02 CR 257 (CFD) |
| v. | : |
| | : |
| CURTIS MAYO | : |

## RULING AND ORDER

On September 22, 2005, the United States Court of Appeals for the Second Circuit remanded this case so that the Court might consider whether to resentence Mr. Mayo in conformity with United States v. Booker, 543 U.S. 220 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

Mayo was sentenced by this Court on October 23, 2003 on one count of conspiracy to possess with intent to distribute and to distribute a mixture and substance containing 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(iii) in case 3:02 CR 256 (CFD); and one count of conspiracy to possess with intent to distribute and to distribute 100 grams or more of phencyclidine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iv) in case 3:02 CR 257 (CFD).  The Court imposed a sentence of 168 months' imprisonment and 5 years' supervised release on each count, the terms to be served concurrently.

The Court has reevaluated Mr. Mayo's sentence in light of the Booker and Crosby decisions, understanding that the Sentencing Guidelines are no longer mandatory.  Nonetheless, for the reasons previously stated in the record, after treating the Sentencing Guidelines as advisory and considering all the factors listed in 18 U.S.C. § 3553(a), the Court finds that it would not have sentenced Mr. Mayo to a non-trivially different sentence under an advisory

Guidelines regime, and indeed would have imposed the same sentence as a non-Guidelines sentence. Therefore, the Court will not order resentencing of Mr. Mayo upon remand.

So ordered this __6th__ day of June 2006 at Hartford, Connecticut.

    /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**